IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TROY ANTHONY SMOCKS | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv1 |
| UNITED STATES MARSHAL, ET AL. | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Troy Anthony Smocks, an inmate confined at the Smith County Jail, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2241.

Discussion

Petitioner filed this petition challenging his Kansas City, Missouri conviction for one count of stealing and thirteen counts of forgery. *State of Missouri v. Smocks*, 152 S.W.3d 367 (Mo. Ct. App. W.D. 2005). While serving his sentence in the Missouri prison system, he was brought to this court pursuant to a writ of habeas corpus ad prosequendum in *United States v. Smocks*, Cause No. 4:05cr12. The criminal case is still pending, although Petitioner has filed a plea agreement.

The present petition is a challenge to the Missouri conviction in an attempt to avoid being returned to Missouri after the criminal proceedings in this court are completed. It is noted that

1

a previous petition for writ of habeas corpus filed in the Western District of Missouri was dismissed without prejudice for failure to exhaust available remedies in state court. *Smocks v. Missouri*, No. 04-1169-CV-W-NKL-P (W.D. Mo. Jan. 25, 2005), *appeal dismissed*, No. 05-1504 (8th Cir. Nov. 16, 2005).

## Analysis

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

In *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Court was presented with a question of an inmate in one state challenging a criminal case in another state. In *Braden*, the Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state. "In reaching its conclusion that the prisoner could attack the interstate detainer in a

2

district court located within the state issuing the detainer, though the prisoner is confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)." *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state. *Id*.

In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. *Braden*, 410 U.S. at 499. "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 524 U.S. 426, 438 (2004). Here, Petitioner is in the immediate custody of jail officials in this District because of a writ of habeas corpus ad prosequendum in Criminal Action No. 4:05cr12; however, he challenges a form of custody other than his present physical

confinement. Thus, the proper respondent in this action is the state of the challenged custody, Missouri.

Here, petitioner challenges the validity of conviction obtained in Jackson County, Missouri. Pursuant to 28 U.S.C. § 105, Jackson County is located in the Western Division of the Western District of Missouri. Petitioner is currently confined at the Smith County Jail in Tyler, Texas. Accordingly, both the federal district court for the Eastern District of Texas and the federal district court for the Eastern District of Missouri have concurrent jurisdiction over the habeas petition.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which Petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

4

The detainer which forms the basis of this petition concerns a conviction from Jackson County, Missouri. As set forth above, Jackson County, Missouri is located in the Western District of Missouri. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Western District of Missouri. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this \_\_16\_\_ day of \_\_\_Feb_____, 2006.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE